UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EWA MECZKOWSKA, on behalf of herself and infants,
M.L., S.A1, S.A.2; and SHANTEL ESPINA,

**COMPLAINT AND
JURY DEMAND**

Plaintiffs,

-against-

DOCKET #

POLICE OFFICER ERIC RODRIGUEZ; POLICE
OFFICER JONATHAN KU; POLICE OFFICER SHANE;
DJORDJICE NIKODIN; and JOHN DOE POLICE
OFFICERS ##1-4,

ECF CASE

Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a series of incidents occurring on or about May 18 and 19, 2014 in which police officers of the New York City Police Department ("NYPD") conspired with Djordjice Nikodin and, acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, false imprisonment, unlawful forced eviction, deprivation of property, and excessive force.

3. Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and

Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Ewa Meczkowska at all times here relevant residing in the County of Queens, City and State of New York. She is the mother and legal guardian of plaintiffs M.L. A.S.1 and A.S.2.

8. Plaintiff Shantel Espina is a citizen of the United States and at all times here relevant was residing with Ewa Meczkowska in the County of Queens, City and State of New York. She is Ewa Meczkowska's daughter. She was 17 years old at the time of the incident, but now is an adult.

9. Plaintiffs M.L. A.S.1 and A.S.2 are the infant children of Ewa Meczkowska and at all times here relevant were residing withy Ewa Meczkowska in the County of Queens, City and State of New York. They were aged 11, 7 and 6 respectively at the time of the incident.

10. Defendant police officers were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

11. Defendant Djordjice Nikodin was at all times here relevant the landlord for the apartment leased by Ewa Meczkowska. Defendant Nikodin acted in conjunction with defendant police officers to violate the constitutional rights of plaintiffs.

12. At all times here mentioned all of the defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the

City and State of New York.

## FACTUAL ALLEGATIONS

13. On April 25, 2014, plaintiff Ewa Meczkowska signed a lease with defendant Djordjice Nikodin for an apartment located at 6042 80th Avenue, Glendale, NY, 2nd floor. The lease started on May 1, 2014 for a two year term ending on April 30, 2016. She also paid two months' rent for security, totaling $3,400.

14. Plaintiff Ewa Meczkowska and her children, the other plaintiffs herein, moved into the apartment on or about May 1, 2014.

15. During the morning of May 18, 2014, the Fire Department had proceeded to the home of the plaintiffs. There was no fire and no known emergency at the location.

16. Plaintiff Ewa Meczkowska saw defendant Nikodin's wife on the street. Defendant Nikodin's wife accused plaintiff Ewa Meczkowska of calling 911 for the Fire Department. She denied it because she did not do that and did not know why the Fire Department was at her home.

17. Defendant John Doe police officer #1 came over to the two of them and started speaking in Serbian to defendant Nikodin's wife. Then Defendant John Doe police officer #1 told plaintiff Ewa Meczkowska "this is a problem, don't ask questions". He was referring to the problems that defendant Nikodin could cause for her.

18. Later that day, in the afternoon, plaintiff Ewa Meczkowska was returning home from doing grocery shopping. In the street near her apartment, she saw Defendant Nikodin, his wife, two police officers and 3-4 other people conferring with one another.

19. Plaintiff Ewa Meczkowska went inside her apartment and began cooking. Some period of time passed when someone banged on her door very loudly and forcefully and yelled "open

3

up, or it will be a problem".

20. Plaintiff Ewa Meczkowska did not want to open the door but believed she was being forced to open the door. It was defendant police officer Eric Rodriguez and police officer Shane at the door. One of them had banged on the door and shouted. Both officers had been outside conferring with defendant Nikodin when plaintiff Ewa Meczkowska had returned home from grocery shopping some time earlier.

21. Defendant police officer Eric Rodriguez said she was "causing problems" and asked her "what was going on in the apartment." Plaintiff Ewa Meczkowska explained that she lived there and had a lease. Defendant Eric Rodriguez replied that the landlord (defendant Nikodin) wanted her out and further stated falsely the landlord can evict you if he does not want you within the first 30 days of living there.

22. Defendant demanded that she leave the apartment with her family immediately. She replied that she would need to call a lawyer.

23. Plaintiff Ewa Meczkowska with a friend went to the 104th precinct to explain the situation. The police officer at the desk (Defendant John Doe Police Officer #2) refused to do anything about it and told her to go home or she would be arrested in the precinct. He appeared to have had prior knowledge about the incident at the home.

24. Plaintiff Ewa Meczkowska returned home. Late in the evening on May 18, defendant Police officer Rodriguez returned with defendant police officer Ku. Defendant Rodriguez demanded that they leave immediately threatening her if she did not leave.

25. Finally, plaintiff Ewa Meczkowska along with the other family members gathered a few of their belongings and left the house. When they were outside, they saw defendant Nikodin and police officers, including defendant Officer Rodriguez speaking to each other and laughing.

26. During the course of these incidents, defendant officer Rodriguez pulled out his gun and pointed it at plaintiff Ewa Meczkowska, pushed her, threatened to remove her children and put them in custody of ACS, threatened to shoot the family's dog, and threatened to have her deported. The other family member plaintiffs witnessed defendant Rodriguez's behavior, and were traumatized by it.

27. Plaintiff Ewa Meczkowska obtained a court order to allow her to retrieve the rest of her property that remained at the home. Other than that one entry, neither she nor her family were allowed back to the home.

28. At all times during the events described above, the defendant police officers and defendant Nikodin were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers and Nikodin assisted each other in performing the various actions described and the police officers lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiffs.

29. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

30. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

    a. Violation of their rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and home and right to be free from a seizure of their home and property without due process of law;

    b. Pain and suffering;

  c. Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety; and

  d. Deprivation of property and unlawful eviction from their home; and

  e. Loss of liberty.

### FIRST CAUSE OF ACTION
(42 USC § 1983– FALSE ARREST/FALSE IMPRISONMENT
AS TO ALL DEFENDANTS)

31. The above paragraphs are here incorporated by reference.

32. Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional, statutory and common law rights to be free from unreasonable search and seizure, specifically, plaintiffs' rights to not be forcibly moved from a location where they are by law free to be, to wit, their home, without any probable cause or privilege to so forcibly move and evict them, pursuant to the Fourth Amendment to the United States Constitution and are liable to plaintiffs under 42 U.S.C. §1983.

33. Plaintiffs did not consent to this confinement and were conscious of it.

34. Plaintiffs were damaged as a result of defendants' wrongful acts.

### SECOND CAUSE OF ACTION
(42 USC § 1983 -- VIOLATION OF PLAINTIFFS' PROCEDURAL DUE PROCESS RIGHTS
AS TO ALL DEFENDANTS)

35. The above paragraphs are here incorporated by reference.

36. Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from deprivation of life, liberty or property without due process of law. Specifically, when defendant Nikodin and defendant police officers conspired to illegally and summarily remove the plaintiffs from their home without any due

process of law, the violated their procedural due process rights under the Fourteenth Amendment to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

37. The plaintiffs had a property interest to reside in and possess the aforementioned apartment granted by the April 25, 2015 lease, and were deprived of their interest without due process of law.

38. Plaintiffs were damaged as a result of defendants' wrongful acts.

### THIRD CAUSE OF ACTION
(42 U.S.C. § 1983 – UNLAWFUL ENTRY AND TRESPASS AS TO ALL DEFENDANTS)

39. The above paragraphs are here incorporated by reference.

40. Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional, statutory and common law rights to be free from unreasonable search and seizure, specifically, plaintiffs' rights to privacy in their home and not to be forcibly moved from a location where they are by law free to be present, to wit, their home, without any probable cause or privilege to so forcibly move and evict them, pursuant to the Fourth Amendment to the United States Constitution and are liable to plaintiffs under 42 U.S.C. §1983.

41. Defendants conspired to and did enter plaintiffs' home through coercion and evicted them.

42. Plaintiffs were damaged as a result of defendants' wrongful acts.

### FOURTH CAUSE OF ACTION
(42 U.S.C. § 1983 – CONSPIRACY TO VIOLATE PLAINTIFFS' CONSTITUTIONAL RIGHTS AS TO ALL DEFENDANTS)

43. The preceding paragraphs are here incorporated by reference.

44. Defendant Nikodin acted in conjunction with NYPD officers to violate the plaintiffs' constitutional rights as claimed in this complaint. As such, he acted under color of law with the defendant NYPD officers.

45. On numerous occasions in the course of the day plaintiffs were evicted from their home, plaintiffs and other witnesses observed police officers, including the defendant police officers, conferring with defendant Nikodin. An agreement was apparently formed between Nikodin and the officers to very obviously violate the plaintiffs' rights, and the officers went back to their home on more than one occasion in order to carry out the plan made between all of the defendants. No investigation was conducted by defendant police officers, and they appeared to be acting at the direction of defendant Nikodin to illegally evict them from their home. In an apparent dispute about the right to occupy a home, the defendant police officers acted as an instrumentality of defendant Nikodin, but lacked any legitimate legal authority to take the actions they took. All of their actions were entwined.

46. Defendants conspired, formed an agreement, planned and acted in conjunction with one another to violate the plaintiffs' constitutional rights as described in each cause of action.

47. Plaintiffs were damages by defendants' wrongful conspiracy.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

    A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

    B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

    C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: Brooklyn, New York
July 27, 2015

TO: Police Officers:
Eric Rodriguez
Jonathan Ku
Shane

Djordjice Nikodin
6042 80th Avenue
Glendale, NY 11385

Yours, etc.,

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd Flr.
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com

9